STATE *vs.* EDWARD JENNESS.

Kennebec.    Opinion June 6, 1917.

*Sentence.    Probation.    Rule as to imposing sentence where respondent has been*
*previously sentenced and placed on probation.    Rule as to imposing sentence*
*where at former term respondent has been placed on probation and*
*case continued for sentence.    Concurrent sentences.*
*Power of court to suspend the execution of*
*sentence.    Power of court to decree*
*probation ended.*

The respondent was sentenced to fine and imprisonment, and was then placed
upon probation by virtue of Revised Statutes, Chap. 137, Sec. 14.

At a later term, the court after hearing ordered that the order of probation be
revoked, and that mittimus issue at the expiration of another sentence, which
the respondent was then serving in jail.

*Held,* that under the statutory provision, when an order of probation is revoked,
the orginal sentence goes into effect forthwith, and cannot be made to take ·
effect at a later time.

At January term, 1917, of the Superior Court for Kennebec County,
the respondent was tried and convicted for the unlawful possession of
intoxicating liquor, and on the fifteenth day of said term was sen-
tenced to pay a fine of one hundred dollars and costs, taxed at twenty-
five dollars, and in addition thereto to serve sixty days in jail, and if
fine and costs were not paid to serve sixty days additional in jail.
The respondent was then placed upon probation by virtue of Revised
Statutes, 1916, Chapter 137, Section 14.    At the following April
term, the court, after due hearing, directed the clerk of courts to
enter on the docket ''Probation off; mittimus to issue at expiration of
sentence in No. 30.''    The respondent at that time being in jail and
serving his sentence under No. 30.    To this ruling of the court,
counsel for respondent excepted on the ground that such an order
made at a term subsequent to the term at which sentence was
imposed was in fact a changing of sentence, and the imposing of a
new and additional sentence; whereas, the original sentence unmodi-

fied by the subsequent order of the presiding Justice ran concurrently with said sentence in case No. 30. To the ruling of the court respondent filed exceptions. Exceptions sustained.

Case stated in opinion.

*Burleigh Martin, and Benedict F. Maher,* for respondent.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, HANSON, JJ.

SAVAGE, C. J. At the January term, 1917, of the Superior Court for Kennebec County, the respondent was tried and convicted for maintaining a common nuisance, and was sentenced to pay a fine, and in default of payment to suffer imprisonment for the term of ten months. His exceptions taken in the course of the trial were afterwards overruled for want of prosecution, and in March, 1917, he was committed to jail in execution of sentence.

At the same January term of the Superior court, he was also tried and convicted on the charge of unlawful possession of intoxicating liquor. Exceptions were filed and allowed. Later during the same term he was sentenced to fine and imprisonment, and, it seems, was placed "on probation." At the April term of the court the exceptions were withdrawn, and thereupon, complaint of the conduct of the respondent having been made, the court, after hearing, directed that the following docket entry be made:— "Probation off, mittimus to issue at expiration of sentence in number 30," which was the nuisance case.

To this ruling and direction, the respondent excepted, "on the ground," as the bill states, "that such an order made at a term subsequent to the term at which sentence was imposed was in fact a changing of sentence and the imposing of a new and additional sentence, whereas the original sentence unmodified by this subsequent order of the presiding Justice ran concurrently with the sentence" in the nuisance case, which the respondent was then serving in jail.

The court had authority to suspend the execution of sentence, R. S., Chap. 137, Sec. 12. And to place the respondent on probation, Sec. 14. And placing the respondent on probation operated as a suspension of sentence. The court, likewise, if it found that the respondent had violated the terms of his probation, as we must presume it did, had authority to decree the probation ended, Sec. 14. This leaves a single question. Did the court have authority to direct that mit-

timus should issue at the expiration of sentence in the other case? Or, should mittimus have been directed to issue forthwith? We think the statute answers that question.

The statute, Section 14, relating to cases where the court has ended probation, says that if the case has been continued for sentence the court may impose sentence. In all other cases it may order the respondent forthwith to comply with the original sentence. The statute does not authorize any change in the sentence or in its effect. It is to go into operation "forthwith." In this case the court directed that it should go into operation at a future time. The statute, not the court, fixes the time when execution of sentence in such a case shall begin. The respondent should have been committed at once under this sentence, and if it chanced that he was serving another sentence at that time, necessarily, both sentences would run concurrently. To make the distinction, we will add that if in this case, the court had made the original sentence to take effect at the expiration of the other sentence, then, upon the revocation of the order of probation, the original sentence would have taken effect just as pronounced, when the other sentence expired.

The constitutionality of such a statute as the one in question has been raised elsewhere. But it has not been raised nor suggested in this case, and we have now no occasion to consider it.

*Exceptions sustained.*